**In re HICKEY PROPERTIES, LTD., Debtor.**

**Bankruptcy No. 94–10180.**

United States Bankruptcy Court, D. Vermont.

May 1, 1995.

C. O'C. Reis, Obuchowski & Reis, Bethel, VT, for Hickey Properties Ltd. (debtor).

G.C. Gebauer, D. Weiss and D. Wolinsky, Saxer Anderson Wolinsky & Sunshine, Burlington, VT, for WHBB Real Estate Ltd. Partnership (WHBB).

## MEMORANDUM OF DECISION DENYING CONFIRMATION OF DEBTOR'S CHAPTER 11 PLAN

FRANCIS G. CONRAD, Bankruptcy Judge.

WHBB, a secured creditor, objects[1] to confirmation of Debtor's Chapter 11 Plan because it proposes $600,000 in post-confirmation financing, secured by a superpriority lien that primes WHBB's first lien in Debtor's assets. We held at the confirmation hearing that the Bankruptcy Code does not authorize superpriority liens for post-confirmation borrowing, and thus sustained WHBB's objection and denied confirmation of Debtor's Plan. This Memorandum reduces our bench ruling to a writing.

Debtor, a limited partnership, owns and operates the Brattleboro Inn and Conference Center. WHBB holds three mortgages on the Inn real estate, and a security interest in all inventory, equipment, machinery, accounts and contract rights. Debtor's Plan proposes to bifurcate WHBB's claim, treating about $1 million as secured. The allowed balance of WHBB's total $2.9 million claim is treated as unsecured.

Debtor's Plan proposed to increase the value of the Inn, currently in the neighborhood of $1.1 million,[2] to $3.2 million by investing about $855,000 in renovation and rehabilitation of the premises. The proposed Plan put most of the risk that the investment in renovations won't work out on WHBB, because it depends on post-confirmation borrowing of $600,000 of the total required.[3] This new loan would be secured by a superpriority lien that would prime WHBB's first lien.

Debtor contends that it is entitled to secure its post-confirmation borrowing with a superpriority lien that primes WHBB's first lien by § 364(d)(1), which provides:

The court, after notice and a hearing, may authorize the obtaining of credit or the incurring of debt secured by a senior or equal lien on property of the estate that is subject to a lien only if—

(A) the trustee is unable to obtain such credit otherwise; and

(b) there is adequate protection of the interest of the holder of the lien on the property of the estate on which such senior or equal lien is proposed to be granted.

We hold that § 364(d)(1) does not apply to post-confirmation borrowings. "[T]he confirmation of a plan vests all of the property of the estate in the debtor." § 1141(b). By its express terms, § 364(d)(1) only authorizes a superpriority lien on "property of the estate." After confirmation, no property remains in the estate to which the superpriority lien can attach. The proposal for a post-confirmation § 364(d)(1) lien would violate § 1129(a)(3), because state law would not allow the priming of a secured creditor. Without the ability to secure post-confirmation borrowing with a superpriority lien, Debtor will be unable to obtain the funds necessary to implement its Plan. As a prerequisite to confirmation, we must find that "Confirmation of the plan is not likely to be

---

1. Our subject matter jurisdiction over this controversy arises under 28 USC § 1334(b) and the General Reference to this Court under Part V of the Local District Court Rules for the District of Vermont. This is a core matter under 28 U.S.C. §§ 157(b)(2)(A), (K), (L), and (O). This Memorandum of Decision constitutes findings of fact and conclusions of law under F.R.Civ.P. 52, as made applicable by F.R.Bkrtcy.P. 7052.

2. In a prior unpublished Memorandum of Decision in this matter, we determined that the value of Debtor was equal to $1.1 million plus whatever additional sum, if any, was generated by the proposed auction of the equity interest in Debtor. *In re Hickey Properties, Ltd.*, No. 94–10180, slip op. at 7–8, 1995 WL 264023 (Bkrtcy.D.Vt. March 23, 1995).

3. The Plan called for raising additional funds for renovation by selling the equity interest in Debtor for $250,000. (In a prior unpublished Memorandum of Decision issued in this case, we held that the Plan must provide for the sale of the equity interest in Debtor to the highest bidder at an auction. *In re Hickey Properties, Ltd.*, No. 94–10180, slip op. at 9, 1995 WL 264023 (Bkrtcy. D.Vt. March 23, 1995)).

followed by liquidation, or the need for further financial reorganization of the debtor...." § 1129(a)(11). We are unable to make such a finding on the record before us. Accordingly, confirmation is denied.

A bench order implementing the views expressed in this Memorandum of Decision was entered at the conclusion of the April 26, 1995 hearing in this matter.