**In the Matter of LES RUGGLES & SONS, INC., Debtor.**

**Bankruptcy No. BK97–40779.**

United States Bankruptcy Court. D. Nebraska.

June 16, 1998.

Shawn M. Ilg, Kearney, NE, for Debtor.

Susan C. Williams, North Platte, NE, for Nebraska State Bank.

### MEMORANDUM

JOHN C. MINAHAN, Jr., Bankruptcy Judge.

This Chapter 12 bankruptcy case presents the question of whether the debtor-in-possession may obtain post-confirmation financing under terms which grant the lender priority over allowed secured claims provided for in the confirmed plan. I conclude that the plan is binding upon the parties in accordance with its terms, and that secured creditors holding first liens in the debtor's property may not be subordinated to post-confirmation financiers under authority of section 364 of the Bankruptcy Code.

Under the terms of the confirmed plan in this case, Nebraska State Bank (the "Bank") holds a first lien on machinery, livestock, and certain real estate of the debtor. The debtor seeks authority of the court under Section 364(d)(1) of the Bankruptcy Code to borrow funds for its 1998 livestock expenses from a third party lender, and to grant the third party lender a security interest senior in priority to the first lien held by the Bank under the confirmed plan.

The debtor asserts that under authority of § 364(d)(1), the court may authorize the debtor to grant a first priority lien to the new lender. The debtor acknowledges that the confirmed plan provides that the Bank shall retain its first priority lien until it is paid in full. But, the debtor asserts that the Bank's interest in collateral will be adequately protected even if the third party is granted a senior lien. The debtor then asserts that the senior lien is authorized under § 364(d)(1).

I conclude that section 364(d)(1) does not apply to post-confirmation borrowings. The confirmation of a Chapter 12 plan vests all the property of the estate in the debtor. *See* 11 U.S.C. § 1227(b). As stated by Judge Conrad in the context of a Chapter 11 case, wherein § 1141(b) vests property of the estate in the debtor upon confirmation:

> By its express terms, § 364(d)(1) only authorizes a superpriority lien on "property of the estate." After confirmation, no property remains in the estate to which the superpriority lien can attach.

*See In re Hickey Properties Ltd.*, 181 B.R. 173, 174 (Bankr.D.Vt.1995).

Furthermore, consistent with § 1225(a)(5)(B), the confirmed plan in this case provides that the Bank shall retain its liens until its claim is paid in full. Section 364(d)(1) should not be construed to impair the rights of a secured creditor under a confirmed plan. Under section 1227(a), the plan is binding on the parties according to its terms, and the debtor does not have the right, after confirmation, to subordinate the Bank's claim. Such subordination would be contrary to the express terms of the plan. The new lender could be granted a lien senior to that of the Bank only if the plan provided for such subordination.

I therefore conclude that the Debtor's Supplemental Application to Incur Secured Indebtedness (Fil.# 90) is denied, and that the objection by Nebraska State Bank (Fil.# 93) is sustained.